UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HORATIO FORREST,

                Petitioner,

v.

THOMAS MCGUINNESS,

                Respondent.

**MEMORANDUM & ORDER**
21-CV-5853 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner Horatio Forrest, who is currently incarcerated at the Eastern New York Correctional Facility, petitions this Court *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. ECF No. 1 (Petition). Presently before this Court is Petitioner's motion to amend his Petition[1] and stay this proceeding pending resolution of his New York Criminal Procedure Law Section 440.20(1) motion to set aside his sentence and conviction. ECF No. 33 (Petitioner's Motion). For the reasons set forth below, Petitioner's motion to amend and stay is DENIED.

## BACKGROUND

On July 10, 2015, Petitioner was convicted of two counts of robbery in the first degree, three counts of robbery in the second degree, and one count of criminal possession of a weapon in the fourth degree. ECF No. 5-17 at 1158:7-25 (Trial Transcript).[2] Following a predicate

---

[1] After the parties filed pre-motion letters regarding Petitioner's request for a stay, the Court explained that, without first moving to amend the Petition, Petitioner's request for a stay would be premature. *See* ECF No. 32 at 2–3. Therefore, the Court ordered the parties to brief (i) Petitioner's motion to amend and (ii) the propriety of a stay under the test set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). *Id.*

[2] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting to transcripts, where the Court cites to the original page number on the

1

felony hearing, the trial court sentenced Petitioner as a second felony offender to 20 years in prison and five years of post-release supervision. ECF No. 5-18 at 39:14–41:3 (Sentencing Transcript). Petitioner's conviction was affirmed on appeal to the New York Appellate Division, Second Department. *People v. Forrest*, 131 N.Y.S.3d 28 (N.Y. App. Div. 2020). On November 17, 2020, Petitioner's request for leave to appeal to the New York Court of Appeals was denied. *People v. Forrest*, 159 N.E.3d 1092 (N.Y. 2020).

On October 18, 2021, Mr. Forrest filed his Petition for a writ of habeas corpus, challenging the constitutionality of his trial on three grounds. *See* ECF No. 1. First, Petitioner contends that his Fourteenth Amendment right to a fair trial was violated because the police officers' conduct regarding the identification of Petitioner was "not reasonable." *Id.* at 5. Second, Petitioner alleges that his Fourteenth Amendment right to a fair trial was violated because the trial court improperly adopted the results of a competency exam, denied his second counsel's request for a second competency exam, and because "communication [between Petitioner and his counsel] had broken down and [the case proceeded] to trial in his absence." *Id.* at 9. Finally, Petitioner asserts he was denied his Sixth Amendment right to effective assistance of counsel. *Id.* at 13. Petitioner now seeks to amend the Petition to also challenge the constitutionality of his sentencing hearing.

## **LEGAL STANDARD**

Motions to amend habeas petitions are governed by Federal Rule of Civil Procedure 15. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under Rule 15, a petitioner may amend his pleadings upon consent of the opposing party or leave of the court, and "court[s] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court, however, "may deny a

---

native document. Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

motion to amend where the proposed amendment would be futile." *LaRosa v. Kirkpatrixk*, No. 15-cv-07008, 2019 WL 1458252, at *12 (E.D.N.Y. Mar. 31, 2019).

A district court has discretion to hold a habeas petition in abeyance to permit a petitioner to exhaust unexhausted claims, provided that the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

### I.     Motion to Amend

Petitioner claims that, in light of the Supreme Court's holding in *Erlinger v. United States*, 602 U.S. 821 (2024),[3] his enhanced sentence as a predicate felony offender is unconstitutional because a judge, rather than a jury, made the factual finding that Petitioner had a prior felony conviction. *See* ECF No. 33 at 4–5.[4] He moves to amend his Petition to include this new claim. In seeking leave to amend, Petitioner's sole argument is that "*Erlinger* is central to the issues in the present case." ECF No. 33 at 2. Respondent opposes the motion to amend, arguing that the amendment would be futile because it is untimely and would not entitle Petitioner to relief. *See* ECF No. 35 at 2–10 (Respondent's Opposition). The Court agrees with Respondent.

---

[3] *Erlinger* held that, under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), a defendant is entitled to have a unanimous jury determine beyond a reasonable doubt that the defendant's past offenses were committed on separate occasions for Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), purposes. *United States v. Saunders*, No. 23-6735-cr, 2024 WL 4533359, at *2 (2d Cir. Oct. 21, 2024) (citing *Erlinger*, 602 U.S. at 835).

[4] The Court construes *pro se* Petitioner's motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006).

3

A one-year statute of limitations applies for a person who is in custody based on a state court judgment to file a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides, in relevant part:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner relies on § 2244(d)(1)(C) to argue that the limitation period should run from June 21, 2024, the date *Erlinger* was decided. *See* ECF No. 33 at 1. However, § 2244(d)(1)(C) only applies to rights that are newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. While the Second Circuit and courts in this district have not yet considered whether *Erlinger* created a new right or applies retroactively, the Court agrees with the well-reasoned analysis in *People v. Taylor*, 224 N.Y.S.3d 345, 351–52 (N.Y. Sup. Ct. 2024), that *Erlinger* does not do either. *Erlinger* simply reiterates the rule announced in *Apprendi*. *See Erlinger*, 602 U.S. at 833–35. And Defendant has not identified any federal cases, nor has the Court found any, holding that *Erlinger* is retroactively applicable on collateral review. Thus, the claim Petitioner seeks to add does not fall within the limitations period set forth in § 2244(d)(1)(C).

4

After the statute of limitations has passed, a new claim is untimely unless it relates back to the claims in the original petition. *See, e.g.*, *Murray v. Noeth*, No. 21-cv-5343, 2022 WL 2116842, at *4 (S.D.N.Y. June 13, 2022). "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the [same] conduct, transaction, or occurrence." *Mayle v. Felix*, 545 U.S. 644, 645 (2005). An amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. Here, Petitioner's proposed claim does not relate back. The claim Petitioner seeks to add relates to his sentencing, namely that a jury, rather than a judge, should have determined Petitioner's status as a predicate felony offender. *See* ECF No. 33 at 2. Yet his Petition only addresses his trial and conviction, not his sentencing. Therefore, Petitioner's proposed claim does not relate back. *See Mendoza v. LaValley*, No. 10-cv-5860, 2011 WL 6844501, at *2 (S.D.N.Y. Dec. 29, 2011) (proposed claims to address petitioner's trial and conviction did not relate back to original habeas petition challenging sentence as a persistent violent felony offender); *Zabala v. Ercole*, No. 09-cv-10125, 2016 WL 927227, at *2 (S.D.N.Y. Mar. 7, 2016) (no legal or factual overlap between petitioner's claim that New York's persistent felony offender statute is unconstitutional and proposed claim that petitioner received ineffective assistance of counsel at trial). Because Petitioner's proposed claim is untimely, the Court denies Petitioner's motion to amend.

## II.    Motion to Stay

Petitioner's request to stay his habeas proceedings is denied as moot. *See Thomas v. Kirkpatrick*, No. 18-cv-51, 2018 WL 11693241, at *2 (S.D.N.Y. July 23, 2018) (denying request for stay as moot because the petitioner's motion to amend was denied). The claim Petitioner

5

seeks to exhaust in state court is not in the Petition, nor can the Petition be amended to include it, given its untimeliness. *See Rhines*, 544 U.S. at 277 (it would be an abuse of the district court's discretion to grant the stay when the petitioner's unexhausted claims are plainly meritless). Accordingly, the Court denies Petitioner's motion for a stay and abeyance.

## **CONCLUSION**

For the reasons explained herein, Petitioner's motion to amend and stay is DENIED. *See* ECF No. 33. The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Petitioner, noting the mailing on the docket.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
        June 13, 2025